UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY KENJI WASHINGTON,<br><br>              Plaintiff,<br><br>     v.<br><br>MARY L. PACA, et al.,<br><br>              Defendants. | Case No.  1:23-cv-00673-JLT-SKO<br><br><u>FIRST SCREENING ORDER</u><br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE**<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 5) |

Plaintiff Perry Kenji Washington, proceeding pro se and *in forma pauperis*, filed a complaint on May 2, 2023.  (Doc. 1.)  Upon reviewing the complaint, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed.  He may file an amended complaint, which the Court will screen in due course.  Alternatively, Plaintiff may file a statement with the

Court stating that he wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.[1]

Also pending before the Court is Plaintiff's motion for appointment of counsel (Doc. 5), which is denied without prejudice for the reasons set forth below.

## I.   SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum

---

[1] The Court observes that Plaintiff filed an addendum on May 25, 2023, in which Plaintiff appears to request placement into a witness protection program. (Doc. 4.) Because Plaintiff's complaint is the operative pleading before the Court for screening, the Court declines to address this filing at this time.

factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff prepared the complaint on a form titled "Complaint for a Civil Case." (Doc. 1.) The complaint lists seven Defendants: (1) Mary L. Paca, also known as Mary Barber or Mary Lynne Paca ("Defendant Mary Paca"); (2) Marcus L. Paca, also known as Marcus Paca ("Defendant Marcus Paca"); (3) Jeremiah Avatar Ford; (4) Robyn Ford; (5) Tony Muhammed Rucker, also known as Spider ("Defendant Tony Rucker"); (6) Willie Rucker, also known as Lil Spider ("Defendant Willie Rucker"); and (7) Herman Jr. Rucker. (*Id*. at 1–5.) Plaintiff claims Defendant Mary Paca is a senior consultant, extortionist, ringleader, con artist, and prostitute. (*Id*. at 2.) Plaintiff claims Defendant Marcus Paca is an "econ. dev.," "mother's Heiman," drug dealer, extortionist, and pimp. (*Id*.) Plaintiff claims Defendant Jeremiah Avatar Ford is a gang leader, drug dealer, pimp, "asst. to mother," police informant, or snitch. (*Id*. at 3.) Plaintiff claims Defendant Robyn Ford is a snitch, drug dealer, murder for hire specialist, con artist, and computer programmer. (*Id*.)

Under "Basis for Jurisdiction," Plaintiff checked the box for "Federal Question." (Doc. 1 at 3.) Under the heading which asks Plaintiff to list the specific federal statutes that are at issue in this case, Plaintiff states Defendant Mary Paca acted as a ringleader to "oust" him out of the family. (*Id*. at 6.) Plaintiff also lists identity theft, "RICO," "Defendants did premeditate, and carry out," embezzlement, extortion, grand larceny, "grand theft of money left to me of amount over 100,000 value in grandfather's will who is named Perry Rucker," and "they also attempted to murder me at

his funeral." (*Id.*) On the Civil Cover Sheet, Plaintiff checked several boxes as the nature of the suit, including real property, other fraud, patent, and taxes (U.S. Plaintiff or Defendant). (*Id.* at 8.)

Plaintiff states he is a citizen of California and Defendant Mary Paca is a citizen of Connecticut. (Doc. 1 at 6.) Under "Amount in Controversy," Plaintiff states: "250k-150k in property taken out of his will left to me Perry Kenji Washington his namesake. With court cost, pain & injury they owe 2 million dollars total cost." (*Id.* at 5.) He provides another breakdown of the two million dollars amount in controversy under the "Relief" heading of the complaint: one million dollars for "legal fees, attempted murder, personal injury [and] hospital fees;" and one million dollars in property loss from the grandfather's house, including "clothes, guns, jewelry, furniture[,] yard equipment, cleaning supplies, chemicals from laboratory as well as product, and blueprint to design & manufacture beauty supplies etc." (*Id.* at 7.)

Plaintiff alleges Defendants committed grand larceny, attempted murder, and grand theft. (Doc. 1 at 5.) Plaintiff claims Defendant Mary Paca named herself "in charge of family" after Plaintiff's grandfather Perry Rucker died, and that she hired her son, Defendant Marcus Paca, to assassinate Plaintiff "along with other goons to keep anyone from hearing the reading of his will [which] was a access over 1 million 500 thousand dollars." (*Id.*) Plaintiff alleges Defendants have since sought to have him destroyed emotionally, financially, and physically. (*Id.*) Plaintiff claims Defendants Robyn Ford and Jeramiah Avatar Ford "have helped them in California" in efforts to assassinate Plaintiff and they stole all the property from Perry Rucker. (*Id.*)

### III.   DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.   Rule 8**

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain

1 statement of the claims demonstrating that he is entitled to relief.

2 Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to Defendants of the basis of his claims and must allege facts that support the elements of the claims plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. A complaint is also required to contain sufficient factual content for the Court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Plaintiff does not allege any specific facts relating to Defendants Tony Rucker, Willie Rucker, and Herman Jr. Rucker, and the allegations as to the remaining four Defendants are vague and conclusory. In short, it is unclear to the Court how the alleged conduct by Defendants establishes the claims set forth in Plaintiff's complaint. "It is Plaintiff's duty to articulate his claim[s]—neither the Court nor the [D]efendants are required to try to decipher what claims Plaintiff is asserting in the action." *Zavala v. Regiosa*, No. 1:21-cv-01631-NONE-SKO, 2022 WL 428158, at *2 (E.D. Cal. Feb. 11, 2022).

To the extent Plaintiff intends to bring criminal claims against Defendants, such claims are also not cognizable. None of the named Defendants appear to be "state actors" for purposes of triggering liability under 42 U.S.C. § 1983. *See Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). The complaint raises a number of criminal claims, such as identity theft, embezzlement, extortion, grand larceny, grand theft, and attempted murder. (*See* Doc. 1 at 5–6.) Given that these claims appear to arise under state law, such allegations do not give rise to federal claims. Furthermore, Plaintiff provides no authority for the proposition that he has a private right of action to assert a violation of criminal statutes, and no such right generally exists. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in the United States Code "provide no basis for civil liability"); *Ellis v. City of San Diego, Cal.,* 176 F.3d 1183, 1189 (9th Cir. 1999) ("sections of the California Penal Code . . . do not create enforceable individual rights"). Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Federal Sav. & Loan Ins. Corp.*

*v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987) (where there is no affirmative indication that Congress intended to furnish a civil remedy, no civil cause of action exists).  Accordingly, the criminal claims raised by Plaintiff are not cognizable.

In light of these deficiencies, the Court will grant Plaintiff leave to amend his complaint and set forth his claims more clearly.  If Plaintiff elects to amend his complaint, he must state the legal basis for the claim, and identify how the facts alleged support and show that the defendant committed the violation asserted as the legal basis for the claim.  *See* Fed. R. Civ. P. 8(a).  The failure to do so shall result in dismissal of this action.

**B.     Legal Standards**

In the event Plaintiff amends his complaint, the Court provides the following legal standards that may be relevant to his action:

1.     <u>Federal Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress.  *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).  Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).  The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*

Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: (1) "citizens of different States;" (2) "citizens of a State and citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens of a State or of different States."

The complaint states that federal question exists in this action, but the basis for federal jurisdiction is unclear. If Plaintiff elects to amend his complaint, he must allege facts establishing the existence of subject matter jurisdiction to proceed in federal court.

2. RICO

Plaintiff also lists "RICO" as a cause of action and checked the box for Racketeer Influenced and Corrupt Organizations ("RICO") on his Civil Cover Sheet. (Doc. 1 at 6, 8.) This, however, is insufficient to state a claim for RICO violations, and the complaint does not sufficiently allege facts supporting such a claim.

To state a civil RICO claim, Plaintiff "must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to [Plaintiff's] 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)). "Racketeering activity" means, *inter alia*, any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical. *See* 18 U.S.C. § 1961(1). A "pattern of racketeering activity" requires at least two acts committed within ten years of each other. 18 U.S.C. § 1961(5). A plaintiff "must also allege that the two predicate acts are related and that they amount to or pose a threat of continued criminal activity." *Eric-Ellis Dyer v. Ventura Cty. Sheriff's Dep't*, No. 2:21-cv-02339-GW-PD, 2021 WL 3202437, at *8 (C.D. Cal. Apr. 26, 2021) (citing *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 240–42 (1989)). "In addition, to demonstrate injury for RICO purposes, a plaintiff must show concrete financial loss rather than mere injury to an intangible property interest, and personal injuries are not compensable under RICO." *Id.* (citing *Ove*, 264 F.3d at 825).

Plaintiff alleges Defendant Mary Paca acted as a ringleader to "oust" Plaintiff out of the family, that she hired her son, Defendant Marcus Paca, along with other Defendants to assassinate Plaintiff and prevent him from hearing the reading of his grandfather's will, and that Defendants have since sought to have him destroyed emotionally, financially, and physically. (*See* Doc. 1 at 5–6.) As pleaded, these allegations are insufficient to state a RICO claim. If Plaintiff wishes to pursue a RICO claim, he must set forth specific facts alleging Defendants' conduct of an enterprise through a pattern of racketeering activity, which requires at least two acts of conduct indictable under enumerated criminal statutes and which caused injury to Plaintiff's business or property. *See Eric-Ellis Dyer*, 2021 WL 3202437, at *8.

### 3. Real Property, Fraud, Patent, and Tax Allegations

On the Civil Cover Sheet, Plaintiff also checked several boxes as the nature of the suit, including real property, other fraud, patent, and taxes (U.S. Plaintiff or Defendant). (Doc. 1 at 8.) The complaint, however, does not contain any factual allegations to describe or support such claims. Accordingly, the Court finds that Plaintiff's allegations of real property, fraud, patent, and tax violations, as pleaded in the operative complaint, are conclusory and insufficient to state a cognizable claims.

### 4. Supplemental Jurisdiction

As provided above, Plaintiff has not alleged sufficient facts to state any cognizable federal cause of action. "[U]ntil and unless Plaintiff states a cognizable claim under federal law, the Court will not exercise supplemental jurisdiction over his state law claims." *Flores v. Soto*, No. 1:14–cv–01899-SKO (PC), 2015 WL 6555096, at *5 (E.D. Cal. Oct. 28, 2015) (citing 28 U.S.C. § 1367(a); *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001)); *see also* 28 U.S.C. § 1367(c)(3) (the Court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction"); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Thus, at this time, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

The Court finds that Plaintiff's complaint, in its current form, does not adequately allege a basis for federal question jurisdiction. If Plaintiff elects to amend his complaint, he must allege facts establishing a cause of action "arising under" federal law in order to proceed in federal court.

**C.      Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint so he can provide additional factual allegations. *Lopez*, 203 F.3d at 1130.

Plaintiff is granted leave to file an amended complaint within thirty days. He is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he can set forth a basis for subject matter jurisdiction such that this case may proceed in federal court. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

### IV.      MOTION FOR APPOINTMENT OF COUNSEL

With respect to Plaintiff's motion for the appointment of counsel, Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may

request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive, and they must be viewed together. *Palmer*, 560 F.3d at 970; *Wilborn* 789 F.2d at 1331.

As set forth above, the complaint as currently pleaded fails to state any cognizable claims. The Court cannot adequately assess the complexity of Plaintiff's case to determine whether exceptional circumstances exist that would justify seeking counsel willing to represent Plaintiff in this action on a *pro bono* basis. Plaintiff's motion to appoint counsel will therefore be denied without prejudice subject to renewal at a later stage of this litigation.

## V.     ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint; or
    b. Notify the Court in writing that he wishes to stand on this complaint.
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:23-cv-00673-JLT-SKO.
3. Failure to comply with this order may result in a recommendation that this action be dismissed.

Plaintiff's motion to appoint counsel (Doc. 5) is denied without prejudice.

IT IS SO ORDERED.

Dated:   **August 16, 2023**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE